THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ann Fried,       
Respondent,
 
 
 

v.

 
 
 
Dennis A. Fried,       
Appellant.
 
 
 

Appeal From Charleston County
Judy C. Bridges, Family Court Judge

Unpublished Opinion No. 2004-UP-049
Submitted November 19, 2003 – Filed 
 January 22, 2004

AFFIRMED

 
 
 
Donald Jay Budman, of Charleston, for Appellant
Frank M. Cisa, of Mt. Pleasant, for Respondent.
 
 
 

PER CURIAM: Husband appeals from a family court’s trial order requiring 
 him to pay the full sum stipulated in the divorce settlement to Wife, in spite 
 of the decrease in the value of the accounts due to market fluctuations. We 
 affirm.
FACTS
Ann and Dennis Fried were divorced in 2002. The 
 parties reached, and the family judge accepted, a settlement concerning the 
 division of the marital estate. In the divorce order dated March 13, 2002, Husband 
 was ordered to give to Wife “by QDRO, to be prepared within thirty (30) days 
 from the date of [the] order, an amount equal to One Hundred Thirty Thousand 
 ($130,000.00) Dollars, payable from all of the funds contained in a SEP-IRA 
 held by Morgan-Stanley Dean Witter and the balance from annuities held in a 
 ‘Putnam Fund’ at USB Paine Webber, both presently titled in [Husband’s] name.” 

By a first QDRO, the sum of $95,000.00 from the 
 Morgan Stanley account was assigned to Wife on April 7, 2002. A second QDRO 
 assigned $35,000.00 to Wife from the Putnam account. The Morgan Stanley account 
 subsequently decreased to $77,816.00 due to market fluctuations. Husband was 
 willing to transfer those funds to Wife, but refused to add the lost $17,184.00 
 from the Putnam account to makeup the difference. Both parties moved for a Rule 
 to Show Cause. The judge found that the divorce decree clearly mandated that 
 Husband pay Wife $130,000.00, market fluctuations notwithstanding. The judge 
 ordered Husband to pay $52,184,00 from the Putnam account. The judge also held 
 Husband in contempt of court and granted attorney’s fees to Wife. 
ISSUES

 (1)   Did the family court err in finding 
 that Husband should bear the risk of devaluating securities transferred to Wife pursuant 
 to the divorce decree?
(2) Did the family court err in awarding 
 attorney’s fees to Wife?

ANALYSIS   
This Court can determine facts in accordance with 
 its own view of the preponderance of the evidence when reviewing matters from 
 the family court. Wooten v. Wooten, 354 S.C. 242, 248, 580 S.E.2d 765, 
 768 (Ct. App. 2003). Husband argues that Wife should bear the burden of the 
 market fluctuations because she acquired equitable title to the accounts upon 
 the filing of the divorce decree. For that argument, Husband cites Calhoun 
 v. Calhoun, 331 S.C. 157, 501 S.E.2d 735 (Ct. App. 1998). However, Calhoun 
 is easily distinguishable from the present case. There, the wife had been awarded 
 the actual lots at issue, But here, the divorce decree did not assign 
 the two accounts to Wife. Instead, the divorce decree ordered that Wife be paid 
 the sum certain of $130,000.00 from “all the funds” in the two accounts. The 
 two subsequent QDRO’s were used simply “[i]n furtherance of the agreement to 
 the transfer [of] the $130,000.00,” only “to effectuate the agreement of the 
 parties as contained in the Divorce Decree.” That more money had to come from 
 the Putnam account and less from the Stanley Morgan account is of no import.
Husband also appeals the family court’s decision 
 to award attorney’s fees to Wife. “An award of attorney's fees will not be overturned 
 absent an abuse of discretion.” Wooten, 354 S.C. at 254, 580 S.E.2d at 
 771. “In deciding whether to award attorney's fees, the family court 
 should consider the parties' ability to pay their own fee, the beneficial results 
 obtained by counsel, the respective financial conditions of the parties, and 
 the effect of the fee on each party's standard of living.” Id. Here, 
 the family court found that Wife had not received “any significant assets incident 
 to the parties’ divorce” and was unemployed at the time of the hearing. Based 
 on these and other facts, the court awarded her attorney’s fees. We cannot say 
 that the family court abused its discretion.
AFFIRMED.
HUFF, STILWELL and BEATTY, JJ., concur.